

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAWRENCE LEE CHESNUT, PRO SE, § | | |
| TDCJ-CID No. 715896, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0023 | |
| § | | |
| MALCOMB R. HORTON, CO IV, § | | |
| RUSSELL B. BOCKMON, LT, § | | |
| KARL D. PARKS, LT, and § | | |
| AARON C. HILL, Sgt. § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

Plaintiff LAWRENCE LEE CHESNUT, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims defendants HORTON, BOCKMON, and PARKS failed to protect him from attack by his cellmate, inmate Long; and defendant HILL failed to ensure plaintiff received immediate medical care after the attack, forcing plaintiff to wait twelve hours until medical personnel arrived at work.

By his complaint, as supplemented by facts gleaned from the attached grievance concerning the incident, plaintiff alleges his cellmate, inmate Long, "has a clearly established history of being in physical confrontations with every cellie he's had that was not moved." Plaintiff alleges on May 18, 2006, he spoke to defendants CO HORTON and Lt. BOCKMON

"and let them know that [he] was having problems getting along with [his] cellie]" and requested a move.  Plaintiff says defendant HORTON referred him to Lt. BOCKMON who said he would see what he could do.  Plaintiff further alleges he approached defendant Lt. BOCKMON again on May 19th, saying he needed to be moved before he and his cellie had a confrontation.  Plaintiff says defendant BOCKMON showed plaintiff a piece of paper with plaintiff's name on it and said he was taking care of it.  Plaintiff alleges at some point later, he approached defendant PARKS and asked for a cell change "to avoid a physical incident," but PARKS said he "[did] not do cell changes."  Plaintiff states on May 21, 2006, he and inmate Long had an argument in the recreation yard, which Long concluded by saying, "When we get back to the cell we will settle this."  Plaintiff does not allege he reported this incident to anyone.

Plaintiff says Long attacked him later when he was sleeping on his bunk, trying to pull him off the bunk and landing a blow on plaintiff in the mouth and eye.  Plaintiff says he then hit Long once, at which point Long grabbed his mouth and said he needed a doctor.  Plaintiff says Long hit the panic button to summon an officer and was taken to the line building, from where he was transported to the hospital, due to the absence of medical staff on unit at night.

Plaintiff alleges when defendant Sgt. HILL came to investigate, he saw plaintiff's mouth was bleeding.  Sergeant HILL took plaintiff to the line building for a statement, and then confined him in pre-hearing detention.  Plaintiff complains Sgt. HILL did not arrange for immediate medical care for plaintiff and he had to wait until the next day to be seen by medical care providers in the infirmary.

Plaintiff requests that the disciplinary case he received for fighting with inmate Long be expunged from his record, that the life endangerment policy be enforced, and that he be awarded

nominal, compensatory, and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, not every injury "suffered by one prisoner at the hands of another ... translates into constitutional liability for

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. 1970. Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994).

A prisoner alleging an Eighth Amendment violation need not show that prison officials believed that harm would actually occur. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842, 114 S.Ct. 1970. A prison official's knowledge of the risk "can be proven through circumstantial evidence, such as by showing that the risk was so obvious that the official must have known about it." *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir.2004). A prison official, however, may avoid liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer,* 511 U.S. at 844, 114 S.Ct. 1970. Furthermore, the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation. *See Davidson v. Cannon,* 474 U.S. 344, 347- 48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

Plaintiff's own allegations show defendant HORTON responded reasonably by referring plaintiff to Lt. BOCKMON, a superior officer who had the authority, and apparently intended, to address plaintiff's problem. Plaintiff has failed to state a claim against defendant HORTON.

Plaintiff's statement to defendant PARKS, that he wanted a cell change to avoid a "physical incident," does not place PARKS on notice that plaintiff is in "substantial risk of serious harm." Further, it does not indicate what the risk is, that it is an emergency, or why plaintiff cannot go through established channels to request a cell change rather than expecting PARKS to perform that function. The Court notes that plaintiff does not allege he reported the May 21 incident in the rec yard which appears to have been the immediate trigger for the alleged attack by inmate Long; but, instead, he went to sleep, only to awake to the attack later.

Plaintiff has alleged no fact to show defendant PARKS was deliberately indifferent to plaintiff's safety. Plaintiff has failed to present allegations which cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

Further, plaintiff's initial statement to defendant BOCKMON was that he was having trouble with his cellie and wanted a move. Plaintiff says Lt. BOCKMON responded that he would "see what he could do." The next day, plaintiff told Lt. BOCKMON he needed to be moved before he and his cellie had a confrontation and BOCKMON indicated he was in the process of "taking care of it." Neither of BOCKMON'S statements indicates he was deliberately indifferent to plaintiff's concerns. Instead, it appears BOCKMON took plaintiff's complaint seriously but did not or was not able to resolve the matter before the attack. The facts presented

by plaintiff as to defendant BOCKMON state, at most, a claim of negligence; however, the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation. *See Davidson v. Cannon,* 474 U.S. 344, 347- 48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990). As to defendant BOCKMON, plaintiff has not presented allegations which cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

Plaintiff's claim against defendant HILL is that, upon seeing that plaintiff had been hit by inmate Long in the mouth and eye, HILL did not arrange for immediate emergency medical care for plaintiff by having plaintiff transported to a free-world hospital. A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has alleged no fact which would indicate to defendant HILL that plaintiff required emergency medical care or that he suffered any substantial harm as a result of waiting until the unit infirmary opened the next morning. Plaintiff has failed to state a claim against defendant HILL on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LAWRENCE LEE CHESNUT be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A

CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of March, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).